IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHEN CRAIG BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-10-257-M |
| v. | ) | |
| | ) | |
| DEBBIE MORTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this 42 U.S.C. § 1983 action alleging various violations of his constitutional rights during his incarceration. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned is Plaintiff's "Motion for Injunction to Prevent More Retaliation" and "Motion for Leave to Supplement Request for Injunction to Stop Retaliation." Plaintiff's "Motion for Injunction" seeks, in effect, an *ex parte* preliminary injunction as no Defendant has been served with process or has entered an appearance in this matter.

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may

1

cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, L.L.C., 500 F3.d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991). Plaintiff's Motion for Injunction reflects that he is seeking an injunction to prohibit further allegedly retaliatory actions by various prison officials. This type of mandatory injunction "affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the injunction." Id. at 1099. This is a "specifically disfavored" type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(*en banc*). Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." Id. at 976.

Plaintiff's Motion for Injunction falls far short of the heightened burden of proof for the issuance of a mandatory preliminary injunction. Plaintiff contends in the Motion that he has been subjected to disciplinary proceedings and found guilty of disciplinary infractions for performing legal work for other inmates in exchange for postage stamps and for "sending out legal mail for other inmates," that officials have "delay[ed] the mailing out" of one of Plaintiff's pleadings in this case, that he has been prevented from calling his attorney, that he is not receiving his prescribed pain medication, and that he has received "warnings" that

he is not following prison rules concerning walking single file. Although Plaintiff alleges that an unidentified "staff member told plaintiff that 'they . . . were going to start doing this to you,'" Plaintiff's allegations are conclusory and do not demonstrate unusual circumstances suggesting a retaliatory motive. Moreover, Plaintiff's conclusory statements do not demonstrate a likelihood of success on the merits of his case, and his Motion for Injunction should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's "Motion for Injunction to Prevent More Retaliation" (Doc. # 22) be DENIED. Plaintiff's "Motion for Leave to Supplement Request for Injunction to Stop Retaliation" (Doc. # 26) seeking only to add to the allegations contained in his original "Motion for Injunction," is GRANTED. Plaintiff's Motion for Leave to Serve Plaintiff's Exhibits on Defendants' Attorneys Upon Their Filing of the Special Report (Doc. # 28) is DENIED.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 29th___, 2010. See 28 U.S.C. § 636(b)(1). The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this __10th__ day of __June__, 2010.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE